UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOPOLDO NOGUEZ ARCHUNDIA,<br><br>Petitioner,<br><br>v.<br><br>MINGA WOFFORD, et al.,<br><br>Respondents. | No. 1:26-cv-01452-DJC-CSK<br><br><br><br>ORDER |

Petitioner Leopoldo Noguez Archundia filed a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and a Motion for Temporary Restraining Order (Mot. (ECF No. 2)) seeking release from the custody of Immigration and Customs Enforcement ("ICE"). The parties do not oppose resolution of the Petition on the merits. As explained below, the Petition for Writ of Habeas Corpus is GRANTED as to Count 1.[1]

Petitioner, a citizen and native of Mexico, entered the country in 1995 without inspection. (Pet. ¶ 70.) He was placed in removal proceedings on April 7, 2015, and subsequently released on bond that same month on April 28, 2015. (*Id*. ¶ 73; 2015

---

[1] In the interest of judicial economy, the Court declines to reach Petitioner's remaining counts. The Court also grants Respondents' request for judicial notice, Fed. R. Evid. 201(b), which Petitioner does not oppose to the extent judicial notice is limited to "the existence of the records and the fact of the agency actions reflected therein" (Reply at 3).

Bond Order (ECF No. 1-2), Ex. B.)  Petitioner received several convictions during his time in the United States including false identification to a peace officer (1999), battery on a former spouse (2004), and entering a noncommercial dwelling (2004).  (Pet. ¶ 71; Opp'n (ECF No. 11) at 9, Ex. 1.)  Notwithstanding these prior convictions, Petitioner's immigration proceedings were ultimately dismissed without prejudice on November 14, 2023.  (*Id.*; IJ Order (ECF No. 1-2), Ex. C.)  On December 5, 2024, Petitioner was arrested for violation of California Penal Code section 647(b) for Disorderly Conduct: Prostitution.  (*Id.* at 18, Ex. 2.)  A year later, Petitioner was arrested during a traffic stop by immigration authorities on January 19, 2026.  (Pet. ¶ 74; Opp'n at 7, Ex. 1.)  Petitioner's present detention was enacted without notice or an opportunity to be heard.  (*See generally* Pet.)  He remains detained at the Mesa Verde Detention Center. (Pet. ¶ 74.)

Petitioner has established that he has a likelihood of success on the merits as to his procedural due process claim.  Petitioner has a clear liberty interest in his continued release.  *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  Here, Petitioner has been in the United States since 1995, he was previously released on bond, his prior removal proceedings were dismissed in 2023, and he has established a life with his family in the community.  (*See generally* Pet.)  Thus, the Court finds that Petitioner undeniably has a liberty interest.  *See also Gil v. Warden, Otay Mesa Det. Ctr.*, No. 3:25-cv-03279-DMS-VET, 2025 WL 3675153, at *3 (S.D. Cal. Dec. 17, 2025) (concluding liberty interest arose after dismissal of removal proceedings).

Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status as he has established a life in the community and his current detention denies him that interest.  The Court also finds that the risk of erroneous deprivation is considerable.  Lastly, Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are

minimal. Accordingly, Petitioner has established that he is likely to prevail on the merits of his procedural due process claim.

As to the appropriate remedy, the record reflects that, following the dismissal of his immigration proceedings, Petitioner was arrested in 2024 for allegedly engaging in prostitution in violation of California's Penal Code, although the parties dispute the significance of that arrest because the disposition of the matter is unknown (*see* Opp'n at 9, Ex. 1; Mot. at 7). While this arrest does not alter the determination that due process requires a hearing, the Court concludes that due process is satisfied if Petitioner is provided with a post-deprivation bond hearing within five days. *See J.S.H.M. v. Wofford*, No. 1:25-cv-01309-JLT-SKO, 2025 WL 2938808, at *15–16 (E.D. Cal. Oct. 16, 2025).

Turning to the remaining *Winter* factors, Petitioner has also established irreparable harm based on the deprivation of constitutional rights via immigration detention. *See Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012); *see also Hernandez*, 872 F.3d at 995. The balance of the equities and public interest are merged as the Government is the non-moving party, and these factors clearly weigh in Petitioner's favor. *See Melendres*, 695 F.3d at 1002; *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023) ("The government also cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." (internal citations and quotation marks omitted)); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1037 (N.D. Cal. 2025) ("[T]he public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering.").

Accordingly, as all the *Winter* factors weigh in Petitioner's favor, IT IS HEREBY ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 1;

2. Respondents are ordered to immediately provide Petitioner Leopoldo Noguez Archundia a substantive bond hearing no later than March 9, 2026, at which the Immigration Judge will determine whether Petitioner poses a risk of flight or danger to the community if he is released;

3. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present.  At any such hearing, the Immigration Judge should consider Petitioner's financial circumstances or alternative conditions of release in the event Petitioner is determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond; and

4. The Clerk of Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **March 4, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE